UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. DUARTE,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>    Respondent. | No. 2:22-cv-02059-DAD-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 11, 2023, the court ordered the petition served on respondent and directed a response to be filed within 60 days. ECF No. 8. Respondent filed a motion to dismiss on March 3, 2023 on the grounds that the habeas petition was an unauthorized second or successive application and, alternatively, that the petition is barred by the statute of limitations. ECF No. 12. Petitioner filed an opposition and respondent filed a reply. ECF Nos. 16, 17. For the reasons explained below, the court recommends granting respondent's motion to dismiss on the ground that the petition is an unauthorized second or successive habeas application.[1]

/////

---

[1] In the interests of judicial economy, the court finds it unnecessary to address respondent's alternative arguments raised in the motion to dismiss in light of this recommendation.

1

**I.    Factual and Procedural Background**

Petitioner was convicted following a jury trial in the Sacramento County Superior Court of first degree murder and possession of a firearm by a convicted felon. ECF No. 1 at 1; ECF No. 13-1 (Abstract of Judgment). On October 19, 2012, he was sentenced to life without parole plus an additional determinate term of 6 years. ECF No. 13-1. In his habeas application filed on November 13, 2022, petitioner alleges that he received ineffective assistance of counsel from two different lawyers in violation of the Sixth Amendment.[2] Lastly, petitioner contends that two different prosecutors engaged in various acts of misconduct by not producing exculpatory evidence.

In the motion to dismiss, respondent points out that petitioner previously filed a federal habeas petition challenging the same conviction in Duarte v. Lizarraga, No. 2:15-cv-01902-JKS (E.D. Cal.) ("Duarte I"). On September 14, 2020, the court in Duarte I issued a memorandum decision denying petitioner's amended habeas application on the merits of the trial court's evidentiary rulings and the denial of his request to represent himself for purposes of filing a new trial motion. See Duarte I, at ECF No. 46. Petitioner appealed this decision to the Ninth Circuit Court of Appeal which denied him a certificate of appealability on December 13, 2021. See Duarte I, at ECF No. 55.

In his opposition to the motion to dismiss, petitioner contends that he is entitled to equitable tolling of the statute of limitations rendering this § 2254 petition timely filed. ECF No. 16 at 5-6. Petitioner acknowledges previously filing a federal habeas petition challenging the same conviction, but argues that the current petition is not successive because it is based on new evidence of his actual innocence. ECF No. 16 at 2-3. Although petitioner was aware of the existence of this evidence prior to trial, he argues that it still constitutes newly discovered evidence because it was never presented to the jury. ECF No. 16 at 4-5. The new evidence places petitioner in a different location at the time of the killing and therefore constitutes an alibi defense. Id. at 5.

---

[2] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

By way of reply, respondent points out that "[p]etitioner's arguments are premature and directed to the wrong court" because he must first obtain authorization to file the instant second or successive § 2254 petition from the Ninth Circuit Court of Appeals. ECF No. 7 at 2; see also 28 U.S.C. § 2244(b)(3). Absent such authorization to file the pending habeas petition, this court lacks subject matter jurisdiction. ECF No. 17 at 2. With respect to the alibi evidence, respondent submits that it is not new since petitioner was aware of it at the time of trial. Moreover, "[g]iven the guilt evidence, it certainly cannot be said that the alibi evidence would cause no juror to find Petitioner guilty." ECF No. 17 at 6. Therefore, petitioner does not meet the Schlup v. Delo, 513 U.S. 298 (1995), actual innocence standard to permit consideration of his untimely habeas claims on the merits.

## II. Legal Analysis

"A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (internal citations omitted). It is clear from the record before this court that petitioner previously filed a federal habeas corpus application challenging his 2012 conviction. Here, petitioner raises new claims for relief that could have been presented in his first federal habeas corpus challenge since he was aware of his alibi defense and his lawyer's failure to raise it at the time of trial. Petitioner relies on state law to argue that the instant successive habeas petition should be considered on the merits. See ECF No. 1 at 20-22. However, petitioner must obtain authorization from United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3) before proceeding with the instant successive petition in this court.[3] Because it does not appear that

---

[3] A second or successive habeas application may be authorized if petitioner makes a prima facie showing that the new claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or, the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

petitioner has obtained this prior authorization to pursue his claims for relief, petitioner's habeas petition must be dismissed without prejudice.  Therefore, the undersigned recommends granting respondent's motion to dismiss petitioner's pending habeas application on the basis that it is an unauthorized second or successive petition.

Accordingly, IT IS RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 12) be granted.
2.  The petition for writ of habeas corpus (ECF No. 1) be dismissed as an unauthorized second or successive petition.
3.  The dismissal be without prejudice to requesting authorization to file a second or successive habeas petition from the Ninth Circuit Court of Appeal pursuant to 28 U.S.C. § 2244(b)(3).
4.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed

---

underlying offense." 28 U.S.C. § 2244(b)(2).

within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 24, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/duar2059.mtd.sos