UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| STEVEN A. DUARTE, | No. 2:22-cv-02059-CKD-DAD (HC) |
|---|---|
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION AS AN UNAUTHORIZED SECOND OR SUCCESSIVE PETITION |
| v. | |
| PATRICK COVELLO, | |
| Respondent. | (Doc. Nos. 12, 18) |

Petitioner Steven A. Duarte is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 24, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 12) be granted and that this federal habeas action be dismissed, without prejudice, as an unauthorized second or successive petition. (Doc. No. 18.) Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 4.) On June 5, 2023, the court received petitioner's timely objections to the findings and recommendations. (Doc. No. 19.) Respondent filed no response to those objections.

/////

1

In his objections, petitioner appears to again argue that he is presenting a claim of actual innocence based upon his contention that the prosecution at his trial withheld from the defense exculpatory evidence that would have exonerated him. (Doc. No. 19 at 1–3.) Petitioner also contends that the evidence upon which he in part has based this most recent claim for federal habeas relief is newly presented, even if not newly discovered, and that this district court is authorized to address the pending petition under the actual innocence gateway as stated in *Schlup v. Delo*, 513 U.S. 298 (1995). (*Id.*)

However, the pending findings and recommendations appropriately addressed and rejected this same argument advanced by petitioner. (*See* Doc. No. 18 at 3–4.) Nothing raised in petitioner's objections calls into question the analysis set forth in the findings and recommendations. The pending petition is undisputedly a second or successive petition and petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to proceed upon it. Therefore, this court lacks jurisdiction to consider that petition unless and until such authorization is obtained. *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (explaining that even if a petitioner qualifies for one of the exceptions to the general bar against second or successive federal habeas petitions, the petitioner "must seek authorization from the court of appeals before filing his new petition with the district court") (citing 28 U.S.C. § 2244(b)(3)); *see also Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("We conclude . . . that because the 2002 petition is a 'second or successive' petition that [the petitioner] did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) ("If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it."); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (same).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, the court will dismiss this federal habeas action, without prejudice, as an

unauthorized second or successive petition.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the petition without prejudice to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 24, 2023 (Doc. No. 18) are adopted in full;
2. Respondent's motion to dismiss the petition (Doc. No. 12) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice, due to petitioner's failure to first obtain authorization to file it from the Ninth Circuit Court of Appeals;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 14, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3